Re.: Case No.:. 17-cv-01737-RBJ, Telephonic Conference Call 4/11/2018

April 10, 2018

Honorable Judge Jackson,

For tomorrow morning discovery hearing, Plaintiff finds it critical to state his position in text, if in case he fails to verbalize his concerns during phone conference. In today's email, Defendants listed their objections to Plaintiff's Interrogatories, Production of Documents and Request for Admission they plan to present the Court tomorrow morning.

**1.** In two questions, in Interrogatories and Production of Documents, Defendants asked Plaintiff to list five years of his past employments (and self-employment) and types of work Plaintiff performed.

Plaintiff already provided over 20 years of his past employment history in Defendants' online applications, with 2-page resume. Per FRCP 26(b)(2)(C)(i), Plaintiff finds: "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient". Defendants have that information already.

**2.** In third Interrogatory question, Plaintiff asked the hours worked and income earned, from five years before applying at DHHA to present time.

> **A.** FRCP 2015 Amendment is culmination of 77 years of evolution; where Rule 26(b)(1) calls for relevancy of discovery to **claims** and **defense**.
>
> At the heart of all Plaintiff's cause of actions, the 800 Lb. elephant is Defendants' complete (not partially) falsification of Plaintiff's hiring records from his "over age 40" questioning to over age "40" application designation to his falsified interview records and hired candidates. There is no relations to Plaintiff's cause of actions and his past five years hours worked, how much money he made and his tax return.

**B.** "Finally, and perhaps most significantly, Rule 26(b)(1) makes **no distinction between claims and defenses**; to be discoverable, information must be "relevant to a party's claim or defense." And the plain language of the Rule does not provide for discovery of "likely," "antcipated," [sic] or "potential" claims or defenses." *Lifeguard Licensing Corp. v. Kozak*, No. 15 Civ. 8459 (LGS)(JCF), 2016 WL 3144049 (S.D.N.Y. May 23, 2016). (emphasis added)

**C.** Defendants claim, since Court has not ruled on Plaintiff's cause of actions and Defendants' Motion to Dismiss is pending, Rule 26(b)(1) calling for relevancy of discovery to claims and defense does not apply to Defendants.

**D.** Defendants' request is not "proportional" to Plaintiff's cause of actions.

In *Walker v. H&M Henner & Mauritz, LP, et al.,* No. 16-cv-3818, 2016 U.S. Dist. WL 4742334 (S.D. N.Y., September 12, 2016), the defendant employer in an employment discrimination case, subpoenaed the plaintiff's former and current employers as well as three colleges and universities the plaintiff allegedly attended. **This defendant employer was seeking information that may bear on the plaintiff's credibility and might establish an after-acquired evidence defense (i.e. that plaintiff had misrepresented her qualifications and credentials)**. In quashing the subpoenas, the court concluded that the information sought was not proportional to the needs of the case. (emphasis added).

**3.** To justify irrelevant discovery, Defendants state: "**Defendants are entitled to discovery inter alia about the factual bases for your claims and your alleged damages**."..
"They are also entitled to know *inter alia* the nature and extent of your damages; how your **purported damages were calculated**; **what documents support your damages..**"

**A.** **Fact:** Plaintiff four months ago, under Rule 26(a)(1)(A)(iii), Computation of Damages, presented Defendants 7-page comprehensive computation of damages with factual bases and legal theory. **Plaintiff's Computation of Damages has nothing to do with Plaintiff's last five years earned income, hours worked and his income tax returns**. Plaintiff's basis of damages originated from Defendants annual salaries and

benefits for hired position. Defendants simply trying to find issues to impeach Plaintiff, which has nothing to do with his cause of actions.

**B.** On one hand Defendants claim they need Plaintiff's last five years tax records, number of hours worked, etc. as "factual bases" of Plaintiff's alleged damages claims. Yet, Defendants in Request For Admission demand Plaintiff to: "**Admit you have not worked as an engineer since moving to Colorado."** The 77-year-old Rule 26(b)(1) has evolved to make up and shield cases like Plaintiff's that died before.

**4.** Defendants claim Plaintiff's failure to respond to Defendants' Request For Admission, **without Defendants' signature** still "are deemed admitted", unless Plaintiff respond to Defendants by 5:00 p.m. today (4/10/2018).

**5.** The following are Defendants' failed deliverables, if the Court has the time to review them.

**A.** For over two months, Defendants refuse to deliver Microsoft Excel files copies that job candidates ranking compiled. Plaintiff request is precisely within FRCP 34(b)(2)(E)(i) "A party must produce documents as they are kept in the usual course of business..". Furthermore, FRCP 34(b)(2)(E)(ii) makes Plaintiff request much reasonable and Defendants' response evasive and misleading.

**B.** Defendants object with 14 days-notice at Defendants' preferred location, Plaintiff takes photos of hand-written interview notes, and Peoplefluent contract. Based on inconsistency of submitted documents to Plaintiff, and Plaintiff's cause of actions basis on falsification of Plaintiff's hiring records, Plaintiff finds such inspection **very critical to Plaintiff's case**.

**C.** Plaintiff mistakenly accepted limit of 25 for Request For Admission, which Plaintiff already requested 27 Request for Admission. Defendants refuse to delete any number limit for number of admissions. Plaintiff finds FRCP for logical reasons did not

mention any limit for admission, given nature of each case and types of discovery. Defendants, incorrectly, quote Court's Minute Order, which does not mention any limitation for number of admissions.

Respectfully Submitted on April 10, 2018

By: _____
Alireza Vazirabadi, Plaintiff, Pro Se
avazirabadi@yahoo.com
843 Vaughn Street
Aurora, CO 80011
720-218-4769