# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01737-RBJ

ALIREZA VAZIRABADI,

   Plaintiffs,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY ("DHHA"), as Employer,
JEREMY LEE ("LEE"), in his Individual Capacity,
ELIZABETH FINGADO ("FINGADO"), in her Individual Capacity,
MARK GENKINGER ("GENKINGER"), in his Individual Capacity,
THEODORE POKRYWKA ("POKRYWKA"), in his Individual Capacity,
JOHN AND JANE DOES 1 THROUGH 10, and
DOES ENTITIES 1 THROUGH 10, whose true names are unknown,

   Defendants.

## DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM (DOCKET #68) TO FORENSIC PURSUIT OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

Defendants Denver Health and Hospital Authority ("DHHA"), Jeremy Lee, Elizabeth Fingado, Mark Genkinger, and Theodore Pokrywka (hereafter collectively referred to as the "Defendants"), by their attorney, Susan M. Stamm of Harris, Karstaedt, Jamison & Powers, P.C., pursuant to the provisions of FED. R. CIV. P. 45(d)(3)(A)(iii), FED. R. CIV. P. 26(b)(4)(D), and FED. R. CIV. P. 26(c), submit the following Motion to Quash Plaintiff's Subpoena Duces Tecum (Docket #68) to Forensic Pursuit or in the Alternative, Motion for Protective Order ("Motion to Quash).

**CERTIFICATION**

In compliance with the provisions of D.C.COLO.LCivR 7.1(a), in advance of filing the present Motion to Quash, the undersigned conferred with Plaintiff about the role of Forensic Pursuit as Defendants' consulting expert and requested him to voluntarily withdraw his subpoena. A copy of the undersigned's April 12, 2018 email to Plaintiff is attached as Exhibit A. Unfortunately, Plaintiff refuses to withdraw his subpoena and in a letter to the Court, has argued *inter alia* that Defendants lack standing and that the work performed by Forensic Pursuit somehow belongs to him. A copy of Plaintiff's April 13, 2018 email is attached as Exhibit B.

**BACKGROUND**

1. Plaintiff's six causes of action alleging national origin and age discrimination in the present matter are based on Defendants' failure to hire Plaintiff for two positions that were offered at Defendant DHHA in July/August 2016.

2. Plaintiff has not endorsed any expert witnesses for trial. Pursuant to the parties' Scheduling Order, Plaintiff's expert disclosures were due on March 30, 2018.

3. On March 27, 2018, Plaintiff filed a "Motion for Court-Appoint (sic) IT Expert Witness, Under Rule 706 of Federal Rules of Evidence and Expert's Compensation Under Rule 706(c)(2) (Docket #66) ("Motion for Court-Appointed Expert"). In his Motion for Court-Appointed Expert, Plaintiff noted that he had contacted Forensic Pursuit to serve as his IT expert and that after performing a conflict of interest review, the company disclosed that it had performed "similar document examination" "for the Defendants last year" and therefore could not serve as his expert.

4. After learning Forensic Pursuit performed services for the Defendants with respect to the present matter, Plaintiff served the company's Chief Executive Officer, Robert Kelso, with a Subpoena Duces Tecum on April 4, 2018 and requested the following information:

> 1) For 2017 and 2018, provide all Forensic Pursuit electronically-produced records,[1] related to Denver Health And Hospital Authority (sic) that electronically-stored information ("ESI") in its native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST (or in PDF) files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files).
>
> 2) For 2017 and 2018, provide all records Denver Health And Hospital Authority provided Forensic Pursuit in (sic) form of electronically-stored information ("ESI") in its native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST (or in PDF) files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files).

See *Docket #66, page 5.*

5. Having retained Forensic Pursuit as a consulting expert, Defendants do not intend to endorse the company or its personnel as expert witnesses for trial.

---

[1] "Records" includes every form of paper or electronic document and/or file that records information, regardless of its format. (For example, "record" includes documents, notes, communications, report, presentations, emails, databases, etcetera. (sic).

## ARGUMENT

**Forensic Pursuits' Subpoenaed Records are Protected from Discovery**

6.     As an initial matter, Defendants assert their standing to quash the subpoena served on Forensic Pursuit's CEO.  A party has standing to quash a subpoena served on a third-party when the documents being requested are privileged or there is a privacy interest at issue.  *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997); *quoting Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626 (D. Colo. 1993); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995).  In seeking information from Defendants' consulting expert, Plaintiff's subpoena unquestionably seeks documents that are privileged and protected from discovery.

7.     According to the provisions of F.R.C.P. 26(b)(4)(D)(ii), a party is not entitled to discovery concerning the "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" absent a showing of "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."

8.     Pursuant to the provisions of F.R.C.P. 45(d)(3)(A)(iii), "on timely motion, the court for the district where compliance is required must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies".

9. No "exceptional circumstances" exist to override the privileged nature of the subpoenaed documents from Forensic Pursuit. To the contrary, Plaintiff can retain and pay for his own consultant.

## **CONCLUSION**

10. The documents Plaintiff seeks from Forensic Pursuit are confidential and protected from discovery. Accordingly, Defendants respectfully ask the Court to quash Plaintiff's subpoena to Forensic Pursuit and/or enter a Protective Order with respect to the same.

WHEREFORE, Defendants pray that the Court enter an Order Quashing Plaintiff's Subpoena and/or protecting the requested documents from disclosure.

Dated this 13th day of April, 2018.

          Respectfully submitted,

          *s/Susan M. Stamm*
          Susan M. Stamm
          HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
          10333 E. Dry Creek Road, Suite 300
          Englewood, Colorado 80112
          Phone:  720-875-9140
          Fax:     720-875-9141
          sstamm@hkjp.com

          ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of April, 2018, I electronically filed the following **DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM (DOCKET #68) TO FORENSIC PURSUIT OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system as well as sending a copy of the motion via electronic mail to the following:

| | |
|---|---|
| Via Email to:<br><br>Mr. Alireza Vazirabadi<br>843 Vaughn Street<br>Aurora, CO 80011<br>*Pro Se Plaintiff* | Forensic Pursuits<br>2000 Arapahoe Street, Suite 1<br>Denver, CO 80205 |

*s/ Lorie A. Gettman*
Lorie A. Gettman