IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Judge R. Brooke Jackson


Civil Action No 17-cv-01737-RBJ

ALIREZA VAZIRABADI,

Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY ("DHHA"), as Employer,
JEREMY LEE ("LEE"), in his Individual Capacity,
ELIZABETH FINGADO ("FINGADO"), in her Individual Capacity,
THEODORE POKRYWKA ("POKRYWKA"), in his Individual Capacity,
JOHN AND JANE DOES 1 THROUGH 10, and
DOES ENTITIES 1 THROUGH 10, whose true names are unknown,


Defendants.

---

## ORDER on MOTION TO DISMISS

---

Defendants move to dismiss this case for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed in this order, the motion is granted in part and denied in part.

### STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true, *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard.  *See, e.g*., *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

Mr. Vazirabadi represents himself.  He is a trained and educated engineer, but he is not a lawyer.  As such, I construe his filings and arguments liberally, but I cannot serve as his advocate.  *See, e.g., Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

## FACTS

Applying the foregoing standards of review, I will assume the truth of Mr. Vazirabadi's factual allegations and draw reasonable inferences from those facts in the light most favorable to him.  I will not assume the truth of conclusory allegations or the validity of opinions he has expressed.  Separating factual allegations from statements of opinion is somewhat difficult in this instance because the First Amended Complaint reads in part as if it were a brief in response to defendants' motion to dismiss the original complaint.  It is replete, for example, with allegations that documents submitted by the defendants in support of their motion to dismiss are forgeries or fabrications.  Unless he has asserted a fact that makes such claims plausible, I will not assume that his opinions are true, nor will I assume that they are false.  They simply won't make a difference in my evaluation of the motion.

Accordingly, for purposes of the pending motion, the Court assumes the truth of the following allegations of fact contained in plaintiff's First Amended Complaint:

1. Alireza Vazirabadi is a 54-year old Iranian-American citizen. He has education and experience as an industrial engineer.

2. In July 2016 the Denver Health and Hospital Authority (DHHA) advertised for a position as a Lean Facilitator on Indeed.com. The minimum educational qualification for the position was a Bachelor's degree in Health Care Administration, Business, Industrial Engineering or other related field. Experience in process improvement or project management, healthcare experience with team leadership experience, and facilitation experience were included among other factors that would be considered.

3. The position did not require any foreign language fluency.

4. On July 8, 2016 Mr. Vazirabadi registered at careers.peopleclick.com, submitted his resume-letter for the position, and answered online questions.

5. One question asked whether the applicant was fluent in any language other than English.

6. Mr. Vazirabadi indicated that is fluent in Farsi/Persian.

7. Within an hour of applying for the Lean Facilitator position Mr. Vazirabadi received an email from DHHA "Denver Health Recruitment" requiring that he complete an online assessment test before his application would be reviewed by the hiring manager.

8. While completing this test Mr. Vazirabadi saw a single question on his computer screen, "Are you over the age of 40, with a Yes or No button. There was no "Prefer not to say" option. He selected "Yes."

9.  Two days later Mr. Vazirabadi applied for a second position posted online by DHHA, this time for a position as a Lean Coordinator.

10.  Less than 24 hours later Mr. Vazirabadi received a call from Lindsay Beaudry, Lean Facilitator, to confirm that plaintiff would have a panel interview on July 15, 2016.

11.  On July 15, 2016 Mr. Vazirabadi participated in a 30-minute phone interview with five panel members: defendant Jeremy Lee, age 40; Carol Ann Kelly, age 50; Sharif Abdelhamid, age 37; Scott Pegues, age 45; and Hanna Andress, age 26.

12.  On August 3, 2016 Mr. Vazirabadi received an email from Mr. Lee stating that the panel really enjoyed the phone interview with him, but that it had moved forward in the process with other highly qualified candidates.

13.  Augustin L. was hired to fill one of the two positions.  He is a 28-year old Hispanic male.

14.  For a few months before being hired for the position Austin L. was an intern for Mr. Lee and for defendant Elizabeth Fingado.

15.  Erin P. was hired for the other position.  She is a 34-year old Caucasian American born female.

16.  Erin P. graduated from the same school as three of the members of the hiring panel, and she had worked together for years with those three members before they joined and again worked together at DHHA.

17.  Farsi/Persian are languages spoken by persons of Persian/Iranian nationality.

18.  Mr. Vazirabadi filed a charge of discrimination with the Equal Employment Opportunity Commission on September 15, 2016.

19.  In its response to the charge of discrimination, a portion of which is attached by Mr. Vazirabadi as Exhibit 3 to the First Amended Complaint, DHHA stated that it did not ask Mr. Vazirabadi if he was over the age of 40 during the online application process.  DHHA acknowledged that Mr. Vazirabadi was asked to list any languages he spoke fluently, but it stated that completion of this question was not required to move through the application.  DHHA further stated that it asks about other languages because at times it might have a job position for which being "bilingual" is preferred.  However, according to DHHA's response, the ability to speak another language was not a qualification for the positions for which Mr. Vazirabadi applied, and his ability to speak another language was not taken into consideration when candidates were vetted.

20.  Mr. Vazirabadi received a Notice or Right to Sue from the Equal Employment Opportunity Commission on May 6, 2017.

21.  DHHA's online job advertisements in June 2017 listed 43 of 220 open positions with preference for persons bilingual in Spanish and English.  That represents 100% of the bilingual positions advertised.

22.  The present lawsuit was filed on July 18, 2017.  It claims discrimination based upon Mr. Vazirabadi's age and his national origin.  The First Amended Complaint asserts claims of (1) conspiracy in violation of 42 U.S.C. § 1985(3) to deprive Mr. Vazirabadi of his right to equal protection under the Fourteenth Amendment (age discrimination); (2) conspiracy in violation of 42 U.S.C. § 1985(3) to deprive Mr. Vazirabadi of his right to equal protection under the Fourteenth Amendment (forging and fabricating documents to cover up age discrimination); (3) conspiracy in violation of 42 U.S.C. § 1985(3) to deprive Mr. Vazirabadi of his right to equal protection under the Fourteenth Amendment (national origin discrimination); (4) age

discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq.; and (5) national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## ANALYSIS AND CONCLUSIONS

Mr. Vazirabadi is 54-year old Iranian American citizen. He has alleged that in a test administered by DHHA as part of the job application process he was asked to disclose his age, which he did. He was also asked to disclose whether he was fluent in any language other than English, and he disclosed that he was bilingual in Farsi (Persian). I infer from those assumed facts that DHHA knew his age, and that it knew from those facts in combination with Mr. Vazirabadi's name that his national origin might be that of Iran or another country where Farsi is commonly spoken. I infer from the fact that he was granted an interview with the hiring panel shortly after DHHA received his first application that he met the minimum qualifications for the positions.

He did not get either job. Instead, one of the jobs was filled by a 28-year old Hispanic male. The other was filled by a 34-year old Caucasian woman. From those facts in combination it is plausible that Mr. Vazirabadi's age or national origin might have been a factor in the employment decision. Some of those assumed facts (for example, that DHHA asked him to disclose his age; that DHHA knew his age during the hiring process; that DHHA knew his national origin; that either age or national origin had anything to do with the employment decision) are hotly disputed, but that is not relevant for purposes of a motion to dismiss for failure to state a claim.

Defendants argue that Mr. Vazirabadi has not sufficient alleged a conspiracy as required by 42 U.S.C. § 1985(3). Construing his pro se pleading very liberally in view of his pro se

status, I interpret the First Cause of Action (which incorporated prior allegations) as asserting that the DHHA defendants conspired with representatives of CEB to reject his application because of his age. [1]

However, I agree with the defendants as to the Second and Third Causes of Action. The Second Cause of Action asserts that defendants made false statements and provided forged documents to the EEOC. Setting aside the conclusory nature of these allegations, there is nothing in the Second Cause of Action that supports the allegation of an actionable conspiracy. Plaintiff appears to be alleging that DHHA and its employees conspired among themselves. However, generally a corporation and its employees cannot conspire with each other. *See, e.g., Facey v Dae Sung Corp.,* 992 F. Supp. 2d 536, (D. Md. 2014) ("Under the intracorporate conspiracy doctrine, 'acts of corporate agents are acts of the corporation itself, and corporate employees cannot conspire with each other or with the corporation.'").

Defendants argue that there has been no age discrimination because the voluntary information plaintiff provided to CEB about his age was not shared with DHHA. However, plaintiff alleges otherwise. Accepting his allegations as true, the Court cannot grant a motion to dismiss the Fourth Cause of Action for failure to state a claim.

Defendants argue that there has been no national origin discrimination because Mr. Vazirabadi was not asked about his national origin, and their knowledge that he spoke Farsi does not support an inference that he was a member of a suspect class. Defendants cite *Soberal–Perez v. Heckler,* 717 F.2d 36, 42 (2d Cir. 1983). In *Soberal-Perez* plaintiffs' dominant language was Spanish, and they had a limited ability to speak and understand English. They complained,

---

[1] DHHA alleges that CEB asked a question about age for purposes of its work consulting on employer tests; insists that the information was never communicated to DHHA or its employees; and denies that it was aware of Mr. Vazirabadi's age or that he was 40 or older. Those contentions raise disputed questions of fact that are not appropriate for resolution on Rule 12(b)(6) motion.

among other things, that the Secretary of Health and Human Services' failure to provide Social Security benefits form in Spanish violated plaintiffs' rights to due process. The court first held that Hispanics, as an ethnic group, did not constitute a suspect class; that, in any event, the conduct in question did not on its face make any classification with respect to Hispanics as an ethnic group; that the only classification was on the basis of language, not on the basis of race, religion or national origin; and that "[l]anguage, by itself, does not identify members of a suspect class." ECF No. 51 at 41. However, in the present case plaintiff claims that there was a classification based on national origin. Construing his allegations in his favor for purposes of a motion to dismiss, I find that his being bilingual in Farsi and his name, in combination, could potentially support a reasonable inference that Mr. Vazirabadi was either Iranian or from another middle Eastern country where Farsi is a dominant language. It may further be reasonably inferred, for present purposes only, that Mr. Vazirabadi might be a Muslim. Those inferences would place him in a suspect class, and the Court concludes that dismissal for failure to state a claim at this point in the process would not be appropriate.

Finally, in one concluding paragraph, defendants argue that the individual defendants are entitled to qualified immunity. The substance of the argument is stated in one sentence: "No clearly established law evidences that a third-party vendor's compliance with demographic EEOC-required information gathering/recording keeping or a question about language fluency are discriminatory." ECF No. 51 at 14. No citations of law or analysis of the requirements of the qualified immunity doctrine in the context of the allegations in the First Amended Complaint are provided. The "third-party vendor" reference apparently is to CEB, but assertions about what CEB did or did not do to comply with EEOC-required information go well beyond the four corners of the First Amended Complaint and raise issues of fact.

At the most basic level a reasonable employee would know, based on well-established decisions of the United States Supreme Court and the Tenth Circuit, that it is unconstitutional to discriminate against a job applicant on the basis of age (over 40) or national origin. Perhaps the question could appropriately be framed more narrowly in a manner as to which the qualified immunity doctrine might apply, but defendants have not done so yet. Rather, qualified immunity, an important and often complex doctrine, was treated in this motion essentially as an afterthought. That is not good enough.

ORDER

Defendants' motion to dismiss the First Amended Complaint is granted in part and denied in part. Plaintiffs' Second and Third Causes of Action are dismissed with prejudice. The motion is otherwise denied.

DATED this 23rd day of July, 2018.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge